WAL-MART ASSOCIATES, INC., Claims Management, Inc. *v.* Cynthia DAVIS

CA 06-1109                                                256 S.W.3d 517

Court of Appeals of Arkansas
Opinion delivered May 2, 2007

*Bassett Law Firm, LLP*, by: *Dale W. Brown*, for appellants.

*Walker, Shock, Cox, Harp, PLLC*, by: *Eddie H. Walker, Jr.*, for appellee.

JOSEPHINE LINKER HART, Judge. Appellants argue that substantial evidence does not support the Arkansas Workers' Compensation Commission's finding that appellee, Cynthia Davis, sustained a compensable injury while working for appellant Wal-Mart. Specifically, appellants contend that appellee's physician failed to state his conclusion regarding causation within a reasonable degree of medical certainty. We affirm.

Appellee testified that on February 25, 2005, she fell from a ladder while at work. She continued to work, but approximately a week later, began to experience pain in her arm, shoulder, and neck. She, however, did not associate her injury — herniated discs at C5-6 and at C6-7 — with her job-related accident until May 27, 2005, when she was seen by a neurosurgeon, Dr. Anthony Capocelli. In a letter, Dr. Capocelli wrote as follows:

> [Appellee] has been a patient under my care since 5/27/2005 at which time we had seen her for chronic neck pain and radicular symptomatology that she suffered after an apparent fall while at work. Apparently within a one month period after the fall the patient developed early significant radicular symptomatology though apparently the main onset was mostly about a week or so after the initial injury. However, subsequent work-up did indeed reveal the patient had a significant disc herniation and by her report there are no other traumatic injuries between the time of her fall from a ladder and the onset of symptomatology. *It is believed that the fall brought about the injury to the neck.*
>
> Historically the patient has some history of low back and thoracic spasms and myofascial syndrome but no history of cervical disease and no radicular symptomatology in the right arm. *To that end it is*

*my belief that based on the available history and objective findings that this patient had.a work injury suffered when she fell from a ladder.*

(Emphasis added.)

The administrative law judge (ALJ) found that appellee proved that she sustained a compensable injury to her cervical spine and right upper extremity when she fell off the ladder at work. In awarding benefits, the ALJ noted, "Dr. Capocelli has opined that based on [appellee's] report of her fall that her injuries are a result of this event." The Commission affirmed and adopted the ALJ's opinion.

Appellants assert on appeal that the only evidence presented to support a causal relationship between appellee's injury and her employment was the letter written by Dr. Capocelli. Appellants argue that Dr. Capocelli's opinion does not establish causation because his opinion was not stated within a reasonable degree of medical certainty, nor with any qualification of his degree of certainty.

We are mindful of our statutory requirement that "[m]edical opinions addressing compensability and permanent impairment must be stated within a reasonable degree of medical certainty." Ark. Code Ann. § 11-9-102(16)(B) (Supp. 2005). The Arkansas Supreme Court, however, "has never required that a doctor be *absolute* in an opinion or that the magic words 'within a reasonable degree of medical certainty' even be used by the doctor," but rather, "has simply held that the medical opinion be more than speculation." *Freeman v. Con-Agra Frozen Foods*, 344 Ark. 296, 303, 40 S.W.3d 760, 765 (2001). The court observed that "if the doctor renders an opinion about causation with language that goes beyond *possibilities* and establishes that work was the reasonable cause of the injury, this should pass muster." *Id.*

■ In *Polk County v. Jones*, 74 Ark. App. 159, 47 S.W.3d 904 (2001), the employer argued that a physician failed to state his medical opinion regarding permanent impairment within a reasonable degree of medical certainty. We held that the doctor's opinion "met this requirement in that he was not equivocal in his assessment of permanent impairment in the form of herniations." *Id.* at 165, 47 S.W.3d at 908. Here, Dr. Capocelli concluded, without equivocation, that appellee suffered a work injury when she fell from a ladder. Analogously to *Polk County*, because Dr.

Capocelli's opinion regarding causation was unequivocal, we conclude that his opinion was stated within a reasonable degree of medical certainty.

Affirmed.

GRIFFEN and BAKER, JJ., agree.